**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2404**

QING DONG CHEN, a/k/a Qin Tong Chen,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A78-274-863)

Submitted:  August 31, 2006          Decided:  October 17, 2006

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.  Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, John P. Sauntry, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Qing Dong Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) adopting and affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.[1]

In his petition for review, Chen maintains that he met his burden of proof for asylum and withholding of removal.[2] To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and

---

[1]Chen did not petition this court for review of the Board's decision within thirty days as required by 8 U.S.C. § 1252(b)(1) (2000). Instead, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (2000) with the United States District Court for the Southern District of New York on April 15, 2004. That petition was accompanied by a motion for a stay of removal during the pendency of the § 2241 petition. The district court properly transferred Chen's § 2241 petition to this court pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, which was signed into law on May 11, 2005. This court addresses Chen's claims "as if they were presented . . . in the first instance as a petition for review." Hernandez v. Gonzales, 437 F.3d 341, 344 (3d Cir. 2006) (citation omitted).

[2]Chen also argues that the immigration judge did not substantiate an adverse credibility finding, but our review of the record indicates that the immigration judge based her decision on a finding that Chen did not meet his burden of proof, rather than an adverse credibility determination.

conclude that Chen fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief he seeks.

Additionally, we uphold the denial of Chen's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Chen fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

With respect to the Board's affirmance of the immigration judge's finding regarding relief under the Convention Against Torture, Chen failed to establish that it is more likely than not that he would be tortured if removed to China.

We find no merit in Chen's argument that the Board abused its discretion by failing to consider additional evidence regarding country conditions that he submitted on appeal, or remand to the immigration judge for further factfinding, because the additional evidence clearly could have been presented before the immigration judge in the first instance. Further, we reject Chen's argument that "a remand for additional investigation regarding eligibility would be inappropriate," He v. Ashcroft, 328 F.3d 593, 603 (9th Cir. 2003), because Chen's case did not turn "entirely on his credibility" as it did in He. Id.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED